```
          UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
             Civil No. 13-284(DSD/SER)
```

Jean S. O'Byrne,

      Plaintiff,

v.                                                   **ORDER**

Carolyn W. Colvin, Acting
Commissioner of Social Security,

      Defendant.

      Edward C. Olson, Esq., 331 Second Avenue South, Suite 420, Minneapolis, MN 55401, counsel for plaintiff.

      Ann M. Bildtsen, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon plaintiff Jean S. O'Byrne's objection to the May 8, 2014, report and recommendation of Magistrate Judge Steven E. Rau. In his report, the magistrate judge recommends that O'Byrne's motion for summary judgment be denied and the motion for summary judgment by defendant Carolyn W. Colvin, Acting Commissioner of Social Security (Commissioner), be granted. For the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

**BACKGROUND**

The background of this matter is fully set forth in the report and recommendation, and the court briefly summarizes the history of the present action. O'Byrne seeks judicial review of the decision

by the Commissioner to deny her application for social security disability benefits. The Commissioner denied the application initially and upon reconsideration. O'Byrne requested an administrative hearing and, on November 23, 2010, the ALJ affirmed the denial of her application. R. 77. The Social Security Administration Appeals Council denied a request for review, thus making the ALJ's determination the final decision of the Commissioner.

On February 4, 2013, O'Byrne filed this action, seeking judicial review of the decision denying benefits. Both parties moved for summary judgment. On May 8, 2014, the magistrate judge recommended granting the Commissioner's motion. O'Byrne objects.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decisions of the Commissioner for substantial evidence. See 28 U.S.C. § 636(b)(1)(c); 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). The substantial evidence test requires analysis of the record as a whole and consideration of evidence that both supports and detracts from the Commissioner's decision. Id. The court, however, may not

2

"reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). Rather, the court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886-87 (8th Cir. 2007) (citation omitted). In other words, the question before the court is whether, considering the entire record, a jury could have reasonably come to the same conclusion as the ALJ. See Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67 (1998).

The Commissioner employs a five-step sequential analysis in making a disability determination. See 20 C.F.R. § 404.1520(a)(4). The ALJ must consider (1) whether the claimant has engaged in substantial gainful activity during the alleged disability period, (2) the medical severity of the impairments, (3) whether the impairments meet the criteria of any Social Security Income listings, (4) the claimant's residual functional capacity and past relevant work and (5) whether the impairments preclude the claimant from engaging in other work. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

At step one, the ALJ found that O'Byrne had not engaged in substantial gainful activity during the alleged disability period.

R. 82. The ALJ then determined that O'Byrne had impairments including chronic pain disorder, fibromyalgia, chronic fatigue disorder, degenerative disc disease, osteoarthritis and partial bilateral hearing loss. Id. The ALJ concluded that O'Byrne did not have any medically-determinable mental impairments. Id. at 83. At step three, the ALJ determined that the identified impairments, though severe, did not meet or medically equal the enumerated impairments. Id. The ALJ next found that O'Byrne had the residual functional capacity to perform sedentary work, though she was unable to perform tasks requiring unimpaired bilateral hearing, and that she required a cane to ambulate. Id. Finally, the ALJ found that O'Byrne could perform her past relevant work and concluded that O'Byrne was not disabled. Id. at 86.

Upon review, the magistrate judge found that the ALJ properly concluded that O'Byrne did not have a mental disability. See ECF No. 26, at 15-20. O'Byrne objects to such a conclusion and argues that "[t]he limitations outlined in the report of ... Dr. Sarff[] should have alerted the ALJ to the possible existence of a severe mental impairment." ECF No. 28, at 2. Specifically, O'Byrne argues that the ALJ should have developed the record on the issue of a severe mental impairment because Dr. Phillip Sarff observed certain mental limitations and acknowledged the potential utility of an Minnesota Multiphasic Personality Inventory (MMPI) assessment, but did not conduct such an assessment.

4

An ALJ has the duty to fully and fairly develop the record. See Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000). "There is no bright line test for determining when the [Commissioner] has ... failed to develop the record. The determination in each case must be made on a case by case basis." Smith v. Astrue, 232 F. App'x 617, 619 (8th Cir. 2007) (per curiam) (alterations in original) (citation and internal quotation marks omitted). An ALJ's duty to develop the record may include re-contacting a medical provider for clarification of an opinion, but "only if a crucial issue is undeveloped." Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (citation omitted). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (citation omitted).

Here, Dr. Sarff conducted a thorough mental status evaluation during which O'Byrne expressly denied suffering from symptoms of depression or anxiety. See R. 866. Dr. Sarff's report indicates that O'Byrne exhibited normal affect and did not disclose any prior mental health treatment. Id. at 867, 869. Notably, Dr. Sarff did not diagnose any psychological disorders as a result of his evaluation. Dr. Sarff observed that O'Byrne struggled with reciting numerical sequences in reverse, executing certain mental tasks quickly and completing serial seven subtractions, and noted that she commented on experiencing problems with concentration.

5

See id. at 867. Dr. Sarff unambiguously concluded, however, that O'Byrne's performance on the assessment was likely "average for her age" and suggested only "mild weaknesses for sustained concentration." Id.  Further, although Dr. Sarff noted the potential utility of an MMPI assessment, "[t]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether a claimant is disabled." Halverson v. Astrue, 600 F.3d 922, 933 (8th Cir. 2010) (citation and internal quotation marks omitted).  Thus, given Dr. Sarff's articulated observations and conclusions, the ALJ was not obligated to seek additional clarifying information or order an MMPI assessment. See Jones v. Astrue, 619 F.3d 963, 970-71 (8th Cir. 2010).  In sum, the ALJ did not fail in his duty to fully and fairly develop the record and, because the record contains sufficient evidence to support the outcome, the court will not disturb the ALJ's decision to deny benefits. See Nicola v. Astrue, 480 F.3d 885, 886-87 (8th Cir. 2007). Accordingly, the court overrules the objection and adopts the report and recommendation of the magistrate judge in its entirety.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1. The objection to the report and recommendation [ECF No. 28] is overruled;

2. Plaintiff's motion for summary judgment [ECF No. 17] is denied;

3. Defendant's motion for summary judgment [ECF No. 22] is granted;

4. The report and recommendation [ECF No. 26] is adopted in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 25, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
